UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TAKUMA GUZMAN,
                      Plaintiff,

         - v -

CITY OF NEW YORK, et al.,

                      Defendants.
-----------------------------------------------------------------x

**ORDER**

CV-08-2853 (FB)(VVP)

      The plaintiff, who sues here upon claims of false arrest and malicious prosecution among other things, has moved to compel the City of New York and the Kings County District Attorney to provide the minutes of grand jury testimony given by any of the individual defendants in this action. He contends that he needs the grand jury minutes in order to prove his claim that the defendants provided false testimony leading to his indictment and prosecution, which apparently terminated with a dismissal of all charges.

      New York's Criminal Procedure law requires that proceedings before state grand juries remain secret, and are not to be disclosed (with limited exceptions) without a court order. N.Y. Crim. Proc. Law § 190.25(4)(a). A "strong policy of comity between state and federal sovereignties," *Wilson v. City of New York*, No. 06-CV-229, 2007 WL 4565138, at *1 (E.D.N.Y. Dec. 21, 2007), has consistently led courts in this district to require that parties seeking to compel disclosure of state grand jury minutes first give the state courts the opportunity to adjudicate the request. *See, e.g., Felmine v. City of New York*, No. CV 09-3768, 2009 WL 3526486, at *1 (E.D.N.Y. Oct. 29, 2009) (citing cases). The plaintiff has provided no good reason for deviating from that practice here. This case is in its early stages. No discovery schedule has yet been set, and there is thus ample time to follow usual procedures. Accordingly,

the plaintiff's motion to compel is denied without prejudice to renewal after petitioning the appropriate state court for an order permitting disclosure of those grand jury proceedings for which the plaintiff can demonstrate a "particularized need."[1]  *See, e.g., Wilson v. City of New York*, No. 06-CV-229, 2007 WL 4565138, at *2 (E.D.N.Y. Dec. 21, 2007); *Alvarado v. City of New York*, No. CV-04-2558, 2006 WL 2252511, at *2 (E.D.N.Y. Aug. 5, 2006).

    **SO ORDERED:**

    *Viktor V. Pohorelsky*
    VIKTOR V. POHORELSKY
    United States Magistrate Judge

Dated: Brooklyn, New York
       November 13, 2009

---

[1] In this regard, the court notes that a generalized desire for discovery is usually not sufficient to constitute "particularized need." Typically, that requires specific factual allegations of governmental misconduct, and a showing that specific grand jury minutes are needed to demonstrate that the misconduct affected the grand jury's determination. *See, e.g., Alvarado*, 2006 WL 2252511, at *2-3.