ORIGINAL
DEF
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TAKUMA GUZMAN,

                  Plaintiff,              **MEMORANDUM & ORDER**

  -against-                                  Case No. 08-CV-2853 (FB) (VVP)

THE CITY OF NEW YORK; MICHAEL
BULGER; P.O. DAVID LAMBERT; P.O.
CHRIS RICHARDS; P.O. CHARLES
CHOI; DET. SANDANO, DET. MENDEZ,

                  Defendants.
------------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                                *For the Defendant:*
NKEREUWEM UMOH, ESQ.              ALEXANDRA CORSI, ESQ.
The Law Office of Uwem Umoh        SHAWN FABIAN, ESQ.
25 Bond Street, 2nd Floor                New York City Law Department
Brooklyn, NY 11201                         100 Church Street
                                                New York, NY 10007

**BLOCK, Senior District Judge:**

        On December 21, 2005, Takuma Guzman was arrested in Brooklyn, New York, for allegedly robbing defendant Michael Bulger's ice cream truck at gunpoint. Guzman claims that his arrest and subsequent prosecution were based upon false testimony and evidence. He alleges violations of 42 U.S.C. § 1983 and Article I, Section 12 of the New York Constitution, as well as several New York state causes of action sounding in negligence.

        Defendants Lambert, Richards, Choi, Sandano, Mendez (collectively "the Officers") and the City of New York (the "City") now move to dismiss pursuant to Federal

Rule of Civil Procedure 12(c),[1] claiming that 1) Guzman's false arrest claim is time barred and there was probable cause for his arrest; 2) Guzman's malicious prosecution claim fails because he cannot satisfy the elements of the claim; 3) the Officers are entitled to qualified immunity; 4) Guzman fails to establish a claim for municipal liability against the City; and 5) Guzman's state law negligence claims are barred by his failure to comply with New York General Municipal Law §§ 50-e and 50-i. For the following reasons, the motion is denied.[2]

## DISCUSSION

For motions made under Rule 12(c):

> a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant; it should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. This standard is applied with particular strictness when the plaintiff complains of a civil rights violation.

*Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994) (internal citations and quotations omitted).

The Court addresses the defendants' arguments in turn, repeating the allegations in the complaint only as necessary.

### A. Guzman's False Arrest Claims

The defendants do not argue that Guzman has failed to adequately plead his

---

[1] Because Guzman's claims cannot be adjudicated without further factual development at discovery, the Court declines the City Defendants' invitation to convert the motion to one for summary judgment under Fed. R. Civ. P. 12(d).

[2] Because Guzman's claims survive the motion to dismiss, he need not further amend his complaint.

false arrest claim.[3] Instead, they put forth two affirmative defenses: that the statute of limitations bars Guzman's false arrest claim against the Officers and that the Officers had probable cause to arrest Guzman.

**1. Statute of Limitations**

Guzman's initial complaint, filed July 16, 2008, named as defendants the City and "Doe's 1 through 10." Guzman's amended complaint, which was filed May 6, 2009, additionally names the Officers as defendants. Defendants argue that the three year statute of limitation for false arrest claims under 42 U.S.C. § 1983 ran on December 21, 2008, three years after Guzman's arrest, thereby barring his addition of the Officers in his amended complaint.

However, because Guzman asserts, and defendants do not dispute, that he did not turn eighteen until July 16, 2006, the statute of limitations for his false arrest claims was tolled until that date, due to his infancy. Because the Court "borrow[s] not only a state's limitations period but also its tolling rules," *Pearl v. City of Long Beach*, 296 F.3d 76, 80-81 (2d Cir. 2002) (applying state tolling provisions for infancy to § 1983 actions), Guzman's claims did not expire until July 16, 2009, and are therefore not time-barred. *See Paige v. Police Dept. of City of Schenectady*, 264 F.3d 197, 199 (2d Cir. 2001) ("Statutes of limitations are tolled during infancy under New York state law.").

---

[3]"[U]nder New York law, the elements of a false arrest claim are: (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995). The elements of a claim of false arrest under § 1983 "are substantially the same as the elements of a false arrest claim under New York law." *Id.*

3

### 2. Probable Cause for Guzman's Arrest

The defendants also argue that Guzman's false arrest claims should be dismissed because the Officers had probable cause for his arrest, which would be a "complete defense to any action for false arrest." *Dickerson v. Napolitano*, 604 F.3d 732, 751 (2d Cir. 2010).

However, Guzman alleges that "[t]he police had no justification for stopping and arresting [him,]" Am. Compl. ¶ 10; that Bulger "intentionally provided false information to the police, *id.* ¶ 12; that "the defendants knew or should have known that [he] had not committed a crime," *id.* ¶ 13; and that "the defendants knew ... that [he] did not commit said crimes," *id.* ¶ 14. When these allegations are accepted as true, it can reasonably be inferred that the Officers' knew that Bulger was lying when he accused Guzman of robbery; such knowledge would defeat the defense of probable cause. *See Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) (identification by victim supplies probable cause "absent circumstances that raise doubts as to the victim's veracity"); *Mistretta v. Prokesch*, 5 F. Supp. 2d 128, 133 (E.D.N.Y. 1998) ("If the determination of whether an arresting officer had probable cause requires the resolution of disputed facts, the existence of probable cause is to be decided by a jury.").

### B. Guzman's Malicious Prosecution Claims

To establish a malicious prosecution claim under New York law, Guzman must prove: "(1) the initiation or continuation of a criminal proceeding against [him]; (2) termination of the proceeding in [his] favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello v.*

*City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (citations omitted). "In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, and must establish the elements of a malicious prosecution claim under state law." *Id.* Defendants argue that because the Officers did not commence Guzman's prosecution, he cannot meet the first element of the claim with regard to them.

However, the Second Circuit "[has] assumed in the past that police officers are subject to liability for malicious prosecution as any other defendant would be," and that "a defendant who has misled a tribunal by dishonest evidence and thereby caused it to act to the prejudice of the plaintiff is liable, even though he may not have purported to be the prosecutor." *White v. Frank*, 855 F.2d 956, 962 n.6 (2d Cir. 1988) (citation omitted). Accordingly, Guzman's allegations regarding the Officers -- that they "offered false testimony and other evidence," Am. Compl. ¶ 14, and "created and submitted erroneous evidence and an erroneous police report in an effort to cover up the aforesaid and initiate a prosecution in bad faith," *id.* ¶ 15 -- adequately pleads the first element of malicious prosecution. *See White*, 855 F.2d at 962.

Defendants also argue that Guzman's malicious prosecution claim must fail because probable cause existed for his prosecution. However, given that Guzman has adequately alleged that no probable cause existed for his arrest, the issue of whether probable cause existed for his prosecution cannot be resolved in a motion to dismiss. *See Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 417 (2d Cir. 1999) (holding that a finding that no probable cause exists for an arrest "entails the rejection of" an argument that

probable cause existed for the ensuing prosecution). Further, under the standard applicable to motions to dismiss, Guzman's allegations of wrongdoing by the Officers rebut the presumption that probable cause existed as a result of his indictment by a grand jury. *See McClellan v. Smith*, 439 F.3d 137, 145 (2d Cir. 2006) (The presumption of probable cause after a grand jury indictment "is rebuttable, and may be overcome by evidence establishing that the police witnesses have not made a complete and full statement of facts that they have misrepresented or falsified evidence or otherwise acted in bad faith." (alterations and citations omitted)).

## C. Qualified Immunity

Defendants argue that the Officers are entitled to qualified immunity. A government official sued in his individual capacity is entitled to qualified immunity (1) if the conduct attributed to him was not prohibited by federal law; or (2) where that conduct was so prohibited, if the plaintiff's right not to be subjected to such conduct by the defendant was not clearly established at the time it occurred; or (3) if the defendant's action was "objectively legally reasonable in light of the legal rules that were clearly established at the time it was taken." *Manganiello*, 610 F.3d at 164(2d Cir. 2010) (citations, internal quotation marks and alterations omitted). When a defendant raises the defense of qualified immunity on a motion to dismiss rather than a motion for summary judgment, the defendant "must accept the more stringent standard applicable to this procedural route." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir.2004).

Because Guizman's claims of false arrest and malicious prosecution, if successful, would violate clearly established law, *see, e.g., Kinzer v. Jackson*, 316 F.3d 139, 143

(2d Cir. 2003) ("Freedom from malicious prosecution is a constitutional right that has long been clearly established."), only the latter definition of qualified immunity -- that the Officers' actions were "objectively legally reasonable" -- is applicable to the instant motion. Because the Court has determined that Guzman has adequately pleaded his claims for false arrest and malicious prosecution, a set of facts exists where the Officers knowingly violated his rights. Accordingly, the Officers' conduct cannot be considered "objectively legally reasonable" as a matter of law. *See Manganiello*, 2010 WL 2884967 at *12 (holding that police officers who "misrepresented the evidence to the prosecutors, or failed to pass on material information, or made statements that were false, and engaged in such misconduct knowingly" are not entitled to qualified immunity).

## D. Municipal Liability

The defendants claim that Guzman has not adequately pleaded a violation of municipal liability under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). Under that standard, a municipality can be held liable pursuant to § 1983 only if its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694. A custom does not require official sanction; rather, the City may also be liable under § 1983 for failure to train, supervise, or fail to discipline its employees if "the failure to train amounts to deliberate indifference to the rights" of those with whom the employees contact. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

Guzman alleged that the City failed, with deliberate indifference, "to properly sanction or discipline the defendants in this case," and that this "policy and practice" caus[ed] and encourag[ed] defendants . . . to engage in unlawful conduct." Am.

7

Compl. ¶ 20-21. While this allegation is sparse, it nonetheless adequately pleads that Guzman was injured because of the City's failure to supervise and/or discipline its employees. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (Claims of municipal liability under § 1983 require only "a short and plain statement of the claim showing that the pleader is entitled to relief." (citing Fed. R. Civ. P. 8(a)(2)); *Sarus v. Rotundo*, 831 F.2d 397, 400-01 (2d Cir. 1987) ("[A] municipal policy may be inferred from the informal acts or omissions of supervisory municipal officials[;] municipal inaction such as the persistent failure to discipline subordinates who violate civil rights could give rise to an inference of an unlawful municipal policy of ratification of unconstitutional conduct within the meaning of Monell." (citations omitted))

### E. Guzman's State Law Claims

The defendants argue that Guzman's state law claims should be dismissed for his failure to comply with New York General Municipal Law §§ 50-e and 50-i. As the Court noted in *Drake v. Laboratory Corporation of America Holdings*, 323 F. Supp. 2d 449 (E.D.N.Y. 2004), the Second Circuit has set forth several factors to be considered when deciding whether to exercise supplemental jurisdiction: "(1) whether state law claims 'implicate[] the doctrine of preemption,' . . . (2) 'judicial economy, convenience, fairness, and comity,' . . . (3) the existence of 'novel or unresolved questions of state law,' . . . (4) whether state law claims 'concern the state's interest in the administration of its government.'" *Id.* at 452 (quoting *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306 (2d Cir. 2003)).

In light of the fact that Guzman's federal claims have survived dismissal, the court declines to determine at this time whether to exercise its supplemental jurisdiction.

*See, e.g., Berrios v. State University of New York at Stony Brook*, 518 F. Supp. 2d 409, 422 (E.D.N.Y. 2007) (declining to pass on state law claims where federal claims survive a motion to dismiss).

## CONCLUSION

The City Defendants' motion to dismiss is denied in its entirety. The parties shall proceed with discovery before the assigned magistrate judge.

**SO ORDERED.**

s/ Judge Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 8, 2010